UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COMPANIES PROPERTY &
CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.                                                CASE NO: 8:15-cv-1097-T-26AEP

ALL ROOF SYSTEMS, LLC; AMS STAFF
LEASING CORPORATION; ANDREW N.
CLARK; and NADINE L. CLARK,

    Defendants.
_____/

**O R D E R**

Before the Court is Plaintiff's Motion for Judgment on the Pleadings Against Defendants Andrew N. Clark and Nadine L. Clark (Dkt. 30), and Defendants' Corrected Response (Dkt. 34). After careful review and consideration of the pleadings, the parties' arguments, and the applicable law, the Court concludes the motion should be denied.

**BACKGROUND**

This action seeks declaratory relief that Plaintiff Companion Property and Casualty Insurance Company (Companion) has no duty to defend or indemnify All Roof Systems LLC (All Roof) or AMS Staff Leasing Corporation (AMS) in a state court action brought by Andrew and Nadine Clark. Companion issued the Workers Compensation and Employers Liability Insurance Policy (the Policy) at issue. Companion alleges in this

action that it issued the Policy to AMS. AMS allegedly leases employees to All Roof through a contractual arrangement.[1] According to the Amended Complaint, the state court action alleges that Mr. Clark was seriously injured while working for All Roof when he fell through a concealed hole in a warehouse roof and that Mrs. Clark suffered the loss of consortium.[2] The state court action was filed against All Roof only. Companion contends that a judgment on the pleadings should be entered in its favor because All Roof's conduct falls within the intentional tort exception under Florida's Workers' Compensation Law, and the Policy excludes from coverage conduct that falls within the exception.

## APPLICABLE STANDARD

The standard for determining a motion for judgment on the pleadings is whether "there are no material facts in dispute" such that "the moving party is entitled to judgment as a matter of law." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1335 (11th Cir. 2014) (quoting Cannon v. City of W. Palm Beach, 250 F. 3d 1299, 1301 (11th Cir. 2001)).[3] In reviewing the motion, all material facts alleged in the non-moving party's pleading are

---

[1] See docket 8, para. 19.

[2] See docket 8, paras. 35 & 36, Exh. 1. Count I of the state court complaint alleges gross negligence against All Roof, and Count II alleges a loss of consortium. See docket 8, paras. 13 & 14, Exh. 1.

[3] See also Interline Brands, Inc. v. Chartis Specialty Ins. Co., 749 F.3d 962, (11th Cir. 2014) (quoting Cunningham v. Dist. Attorney's Office of Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010)).

accepted as true, viewing those facts in the light most favorable to the non-moving party. Perez, 774 F.3d at 1335 (citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." Perez, 774 F.3d at 1335. The court may also consider documents attached to the plaintiff's complaint or defendant's answer "if they are (1) central to the plaintiff's claim and (2) undisputed." Bank of Camilla v. St. Paul Mercury Ins. Co., 531 F. App'x 993, 994 (11th Cir. 2013) (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)) (unpublished).

## DISCUSSION

The Clarks allege in the state court complaint that All Roof is not entitled to workers' compensation immunity afforded under the Florida Workers' Compensation Act pursuant to section 440.11(1)(b)(2) of the Florida Statutes.[4] Subsection 440.11(1)(b)(2) provides an exception to the employer's immunity under no-fault workers' compensation insurance when the employer commits an intentional tort that causes injury to the employee. Companion reasons that the Clarks can prevail only if All Roof's conduct falls within the intentional tort exception of section 440.11(1)(b), thereby taking All Roof outside the protections of the workers' compensation immunity. Companion argues, however, that the policy at issue specifically excludes from coverage any conduct that would cause an insured to lose its "immunity from civil liability under the workers'

---

[4] See docket 8, para. 37, Exh. 1.

compensation laws."[5] Consequently, argues Companion, there can be no duty to defend or indemnify an intentional tort claim.

Florida's Workers' Compensation Law applies to employees leased from an employee leasing company. See Fla. Stat. § 440.11(2); United States v. Total Emp't Co., Inc., 305 B.R. 333, 3335 (M.D. Fla. 2004) (explaining "leased back" employees). The leasing company must provide workers' compensation coverage. See Fla. Stat. § 468.529(1). The pleadings reveal that both parties agree that "AMS is a related company to Aspen Staff Leasing."[6] The insurance policy attached to the Amended Complaint shows the insured as AMS Staff Leasing Corporation.[7] In addition to the pleadings of record, Defendant attaches a copy of the Certificate of Insurance that shows the insured as "Aspen Staff Leasing, Inc. l/c/f: All Roof Systems LLC."[8]

The Clarks take the position that until the exact relationship among AMS, Aspen Staff Leasing, and All Roof is determined through factual development, this Court will be unable to sort out the mixed questions of law and facts necessary to determine the duties to defend and indemnify. The Court agrees. Accordingly, judgment on the pleadings in

---

[5] See docket 8, Exh. 4 at p. 231.

[6] See dockets 8, para. 18 (Amended Complaint) and 20, para. 18 (Answer). After Companion filed its initial complaint, it realized that AMS Staff Leasing Corporation was in fact AMS Staff Leasing, Inc. d/b/a AMS Staff Leasing Corporation. See docket 8 at footnote 1.

[7] See docket 8, Exh. 4.

[8] See docket 34-1.

favor of Companion is due to be denied but without prejudice to raising the issue of duty to defend and indemnify again in a motion for summary judgment after the close of discovery.

It is, therefore, **ORDERED AND ADJUDGED** that Plaintiff's Motion for Judgment on the Pleadings Against Defendants Andrew N. Clark and Nadine L. Clark (Dkt. 30) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on August 17, 2015.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

COPIES FURNISHED TO:
Counsel of Record